**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| JUAN CARLOS ORTIZ, | : | |
| Plaintiff | : | |
| VS. | : | |
| DR. EDWARD HALE BURNSIDE, Head Nurse MARY GORE, and Deputy Warden VICTORIA MALONE, | : | NO. 5:12-CV-190-MTT-CHW |
| Defendants | : | **ORDER & RECOMMENDATION** |

*Pro se* Plaintiff **JUAN CARLOS ORTIZ**, a prisoner at Georgia Diagnostic and Classification Prison ("GDCP"), filed this action under 42 U.S.C. § 1983 (Doc. 1). In addition to his complaint and an amendment (Doc. 8), Plaintiff has filed motions for a preliminary injunction (Doc. 2), appointment of counsel (Doc. 3), and leave to proceed *in forma pauperis* (Doc. 4).

*I. PENDING MOTIONS*

  *A. Motion to Proceed In Forma Pauperis*

In reviewing Plaintiff's financial information, it appears that Plaintiff is unable to prepay the entire $350 filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager of GDCP.

  *B. Motion for Appointment of Counsel*

Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any

person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." ***Poole v. Lambert***, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. ***Lopez v. Reyes***, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. ***Holt v. Ford***, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying his claim, and the applicable legal doctrines are readily apparently. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under ***Holt***. The Court on its own motion will consider assisting Plaintiff in securing legal counsel *if and when* it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** at this time.

### C. Motion for Preliminary Injunction

A preliminary injunction is an extraordinary remedy and is appropriate only if the movant shows: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. ***Parker v. State Bd. of Pardons & Paroles***, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." ***Siegel v. LePore***, 234 F.3d 1163, 1176 (11th Cir.2000) (citations omitted).

At this juncture, the factual record has not been sufficiently developed to establish the existence of any of the above prerequisites for a preliminary injunction. Instead, the Defendants should be afforded an opportunity to respond to Plaintiff's allegations. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for a preliminary injunction be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

## II.  SCREENING OF COMPLAINT

Plaintiff asserts that he has been denied necessary medical treatment by the following GDCP personnel: Dr. Edward Hale Burnside, Nurse Mary Gore, and Deputy Warden of Care and Treatment Victoria Malone. Plaintiff allegedly suffers from "excessive loss of weight, energy, and strength, ... pain, uncontrol[l]able shaking [through]out [his] entire body, and bruising easily" and is "unable to perform simple d[ai]ly activities such as standing, walking, speaking, eating, [and] moving in general." Plaintiff's condition has apparently persisted since the fall of 2011 and he states that it has worsened. Despite Plaintiff repeatedly informing the Defendants about his condition, the only medical treatment he allegedly received was a blood test in January 2012.

Construing Plaintiff's allegations liberally in his favor, the Court concludes that he has alleged a colorable Eighth Amendment claim against the Defendants for deliberate indifference to serious medical needs. It is not clear, however, from the face of Plaintiff's filings whether he had exhausted his administrative remedies within the prison system at the time he filed his complaint,

as required by 42 U.S.C. § 1997e(a). Plaintiff stated in his complaint that he was in the process of exhausting, but in his subsequent amendment describes three grievances that he had filed - one against each named Defendant. The process clearly was not completed with respect to two of such grievances when Plaintiff filed his complaint. Plaintiff states that the third grievance was "cancelled"on May 21, 2012, which is one day after Plaintiff dated his complaint but eight days before this Court received it. *See Parzyck v. Prison Health Serv., Inc.*, 627 F.3d 1215, 1218 (11th Cir.2010) ("A prisoner need not name any particular defendant in a grievance in order to properly exhaust his claim."). Defendants may raise exhaustion as a defense in their answer or responsive pleading.

In light of the foregoing, it is hereby **ORDERED** that service be made on Defendants Dr. Edward Hale Burnside, Nurse Mary Gore, and Deputy Warden of Care and Treatment Victoria Malone, and that they file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

**DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall

not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR**

**PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### **PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 19th day of October, 2012.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge